Wilde J.
delivered the opinion of the Court. We are all of opinion that the instructions to the jury were correct, and that the plaintiff is entitled to judgment on the verdict. As to the question of property, the jury were instructed that the declarations made by the plaintiff were strong evidence against him, but were not conclusive; this was certainly proper, unless, as the defendants contend, they operated by way of estoppel, which cannot be maintained. If these declarations had been acted on by the other party, and thereby the plaintiff had acquired some advantages, or the defendants had sustained damages, it would have been otherwise. [1] But the case shows that the admissions of the plaintiff, although made with a view to influence the conduct of the defendants, did not in fact influence them, and that they did not act on these admissions. On the contrary, the defendants claimed the goods in question as the property of the plaintiff, and they were sold as his property, *459 so that if the plaintiff were estopped by his admissions, the defendants on the same ground would be estopped to deny the plaintiff’s property ; there would therefore, on that supposition, be estoppel against estoppel, and the question would be left open to the admission of other evidence. We are however of opinion, that there was no estoppel on either side. It was altogether a question of evidence for the jury, and tneir verdict must be conclusive.
On the other point, it has been objected that the license was irrevocable, because it was founded on a sufficient consideration, and ought therefore to be considered as a valid contract.[2] But we do not view it in that light; there was no sufficient consideration to support a contract. The agreement between Truesdell and the plaintiff was of no benefit to the plaintiff, nor was it any damage to Truesdell. He had no legal right to the property attached, nor had he any control over it. And if the agreement had been made between the plaintiff and the officer, still it would be nudum pactum; for it was the officer’s duty to accept a good receipt for the property ; and if not, he has not been injured thereby, nor has the plaintiff received any benefit. We think therefore the license was revocable ; and having been revoked before the sale, the sale was unauthorized ; and thereby the defendants became trespassers ab initia.

Judgment according to verdict.

 See Tufts v. Hayes, 5 N. Hampsh. R. 452.

 See Mansfield v Mansfield, 6 Connect. R 559.